UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MELODIE CHEATHAM

    Petitioner,

v.                                          Case No. 5:23cv278/TKW/MAL

WARDEN A.W. WINGFIELD,

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in October of 2023. ECF No. 2. On October 30, 2023, I entered separate orders directing Petitioner to file (1) two service copies of her petition, and (2) a motion to proceed in forma pauperis with supporting documentation or the $5.00 habeas filing fee. ECF Nos. 4, 5. Petitioner was instructed to comply on or before November 30, 2023, and she was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed.

The clerk acknowledged receipt of the two service copies of her petition on November 15, 2023. *See* ECF No. 6. However, Petitioner did not respond to the Court's order regarding the filing fee. Therefore, on December 21, 2023, the Court issued an order directing Petitioner to show cause why this case should not be dismissed due to her failure to comply with a court order. ECF No. 7. The order

provided that the show cause order would be discharged if Petitioner complied with the outstanding October 30, 2023, order within the time provided. The order noted the change in Petitioner's release date since she filed her petition[1] and instructed Petitioner to file a notice of voluntary dismissal if she no longer wished to pursue this case, having possibly received some or all of the relief sought. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded in any way.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

---

[1] The Order to Show Cause noted Petitioner's release date had changed from August 1, 2024 to May 18, 2024 since she filed her petition. Her release date is currently reflected as June 13, 2024 on the BOP website. *See* https://www.bop.gov/inmateloc//.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on January 9, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.